## IN THE UNITED DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | Case No.  CR-18-196-HE |
| | ) | |
| | ) | |
| ANGELA DAWN SHEPHERD, | ) | |
| *Defendant*. | ) | |

## SENTENCING MEMORANDUM AND MOTION
## FOR DOWNWARD DEPARTURE OR VARIANCE

Pursuant to *Title 18 United States Code §3553 and §3584(a)*, the Defendant, Angela Dawn Shepherd, through counsel, Eddie D. Valdez, submits this Sentencing Memorandum and Motion for Downward Departure or Variance in support of a sentence that departs or varies downward to account for her personal history and characteristics.  The purpose of this filing is to set forth facts and information which will aid the Court in determining the type and length of sentence which is sufficient, but not greater than necessary, to comply with the statutory directives set forth in *Title 18, United States Code, §3553(a)*.

On July 17, 2018, Ms. Shepherd was indicted in Count I of a three-count Indictment in the United States District Court for the Western District of Oklahoma charging Ms. Shepherd and a co-defendant.  Ms. Shepherd was charged in Count I for possessing of a quantity of mixture or substance containing a detectable amount of methamphetamine with intent to distribute, in violation of Title 21 U.S.C. § 841(a)(1), (b)(1)(B) and Title 18 U.S.C. § 2.  Ms. Shepherd appeared before the Magistrate Judge and was released on unsecured bond with pretrial supervision and was placed in the Community House for treatment.

On December 10, 2018, Ms. Shepherd pled guilty to a one-count Superseding Information for the crime of knowing and intentionally possessing with the intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21 U.S.C. 18 § 841(a)(1) and (b)(C).

*STATUTORY SENTENCING FACTORS AS APPLIED TO THIS CASE*

**1.    *The Nature and Circumstances of the Offense and the History And Characteristics of the Offender***

*(A) Nature and Circumstances of the Offense*

Ms. Shepherd is before this Court for sentencing after her guilty plea, and conviction, for the crime of knowing and intentionally possessing with the intent to distribute a quantity of a mixture of or substance containing a

detectable amount of methamphetamine in violation of Title 21 U.S.C. §841(a)(1) and (b)(1)(C).  With the exception of the objections filed by Ms. Shepherd regarding the initial contact with law enforcement which this Court heard during the suppression hearing of the co-defendant, the details of the offense conduct are largely undisputed and adequately addressed in Part A of the PSR.

For sentencing purposes it is important that the Court be aware of the personal history and characteristics of Ms. Shepherd.  It is important for this Court be informed that Ms. Shepherd for all practical reasons has no criminal history.   Ms. Shepherd acknowledges that the majority of her criminal history was initiated when she paid a citation for failure to maintain security verification which resulted in her driver's license being suspended.

(B) History and Characteristics of the Defendant

(i) Family

Ms. Shepherd is 38 years of age and admits that she experimented with various substances between the ages of 18 and 22 when she was in school.  However, she quit using any drugs at the age of 22 when she was wanting to focus on being a teacher, getting married and raising a family. Ms. Shepherd grew up in Hammon, a small rural town in Northwest Oklahoma, where everyone knew everyone.  She was raised in a family

oriented family and she still stands on those values to this date.  Her father passed away in 2017 and she remains close to her family.  She graduated high school with the intent on becoming a school teacher.  She attended Southwestern University in Weatherford, Oklahoma, which was close to her home and she fulfilled her dream.  She got married and had two wonderful sons.  Her husband began doing methamphetamine which resulted in her to begin using methamphetamine and marijuana.   Ms. Shepherd was with her husband from 2001 until 2012 when they divorced.  Ms. Shepherd had used methamphetamine and marijuana from 2009 until 2016.  She chose to resign from her dream job as a teacher in 2013 because her driver's license was suspended due to her paying a traffic citation for failure to maintain security verification.  It was in 2016 that she decided that she did not enjoy the drug life style and sought drug treatment on her own.  Ms. Shepherd successfully completed and benefited from the drug treatment that she received.

Unfortunately, Ms. Shepherd's brother had been convicted of felony charges in Beckham County, Oklahoma, and was incarcerated with the Oklahoma Department of Corrections.  This is how she became involved with the co-defendant in this case.  As mention, Ms. Shepherd comes from a close family.  She, along with her mother and sister, would visit with her brother on a regular basis.   While incarcerated with the Oklahoma

Department of Corrections, Ms. Shepherd's brother became associated with the Universal Aryan Brotherhood.  Ms. Shepherd's bother introduced her to the co-defendant.  When the co-defendant was released from prison in December of 2017 he contacted Ms. Shepherd.  It was shortly afterwards that they began a dating relationship which involved the use of methamphetamine and later the distribution of methamphetamine.  In the later part of December 2017 until her arrest on June 22, 2018, Ms. Shepherd had again became dependent upon methamphetamine and marijuana.  Ms. Shepherd would accompany the co-defendant as he acquired methamphetamine and other drugs from the Oklahoma City area for redistribution in the Elk City area.

*(ii) Substance Abuse and Mental Health History*

Ms. Shepherd had never used any illegal drugs until she was 18 years old.  From the ages of 18 to 22 years old, she experimented with and was only a "recreational user" of various substances as set out in her presentence report.  When she turned 22, Ms. Shepherd decided it was time to stop doing drugs and to concentrate on her education, marriage and children.  She wanted to have healthy children and to live a healthy lifestyle.  As a result, she has two healthy children whom she sees on a regular basis and talks to daily.   If was after her children were born that she began using

methamphetamine and marijuana again.  It was during this time frame that she resigned from her dream job of being a school teacher and a divorce from her husband after being together for over 11 years.  Methamphetamine was destroying her life and she realized it.  It was in 2016 that she chose on her own to seek out drug treatment.  Ms. Shepherd researched various treatment options and chose to participate in a 30 day inpatient treatment program, an intensive outpatient program and placement in a sober living house in the Dana Point, California.  When Ms. Shepherd returned to Oklahoma she was drug free and loving life.  Her life was back on track.  As mentioned, it was in 2016 that her brother was incarcerated with the Oklahoma Department of Corrections.  A little over a year after returning to Oklahoma, Ms. Shepherd met the co-defendant.  In her delicate state of mind at that time, the co-defendant had her using methamphetamine again and participating in the crimes that she is now plead guilty.  Since Ms. Shepherd's arrest and release upon conditions, she is now back on track. Upon release, she was placed in the Community House Residential Substance Abuse program.  Upon successfully completing this program, Ms. Shepherd was placed in the Oxford House sober living house where she resides to this day.  She has lived in several Oxford Houses in the Edmond and Oklahoma City area.  Ms. Shepherd moves to the different houses to

resolve issues that the houses may be having.  She is currently doing service work for the Oxford Houses in the Oklahoma City area.  As of May 19, 2019, Ms. Shepherd was promoted to Oxford House Chapter 5 Housing Vice Chairman.  In addition, Ms. Shepherd attends multiple weekly counseling meetings and AA/NA meetings every week.  (Exhibit "A" & "B") *Letters from Oxford House Coordinator and Outreach Director.*

Ms. Shepherd has helped many women placed at the Oxford houses who had experienced drug related and personal issues.  (Exhibit "C" *Letter from Cassidy Wythe).*

On October 22, 2018, Ms. Shepherd began working 35-40 hours a week for Holiday Inn. (Exhibit "D", "E" & "F") *Letters from Angela Shepherd's Holiday Inn General Manager, Sales Manager and co-worker.*

In January 2019, while working for the Holiday Inn, Ms. Shepherd involved herself in assisting law enforcement in an investigation of a credit/computer fraud case in which individuals were producing fraudulent credit cards.  She worked with law enforcement agencies in the Oklahoma City area helping to provide information necessary to the investigation. (Exhibit "G") *Letter from Oklahoma Highway Patrol.*

She still maintains the family relationship with her mother and sister and of course her sons.  While living at the Community House, Ms.

Shepherd met Jesse Allan Spaha.  Spaha, was not a court ordered resident of the Community House but does has a criminal history.  As a result of this relationship, Ms. Shepherd is currently with child. (Exhibit "H", "I", "J", "K" & "L") *Photographs of Ms. Shepherd, children and Jesse Allan Spaha.*

With the exception of her first drug test on August 14, 2018, in which she tested positive for marijuana, Ms. Shepherd has tested negative for all drug tests.

**2.   *The Need for the Sentence Imposed to Promote Certain Statutory Objective:***

> *(A)  The reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) To afford adequate deterrence to criminal conduct; (C) To protect the public from further crimes of the defendant; and (D) To provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.*

Counsel submits that, for a number of reasons, a sentence within the advisory guidelines, is greater than what is necessary, to comply with the statutory directives found in Title 18, U.S.C. §3553.

Foremost, Ms. Shepherd has been fully compliant with the United States Attorney's Office in regards to this matter.  Ms. Shepherd has the understanding that the United States Attorney's Office is supplying this Court with similar documentation to substantiate this claim.  Ms. Shepherd does not contest the PSR.  Ms. Shepherd's Petition to Enter Plea of Guilty

was prepared by counsel in conformity with the indictment that was filed against her which stated that she possessed methamphetamine with the intent to distribute on June 22, 2018.

Ms. Shepherd is facing a significant sentence of imprisonment with no prior experience with prison.  The PSR correctly identifies that Ms. Shepherd has had minimal contact with law enforcement and has never been sentenced to a term of imprisonment.  She has a criminal history in Category I.  The PSR shows that Ms. Edwards is inexperienced in relation to what a prison sentence really entails.  Based upon this inexperience with prison sentences and with a criminal history that in Category I, a sentence that varies below the guideline range would still reflect the seriousness of the offense and promote respect for the law.

**3. & 4.    The Kinds of Sentences Available and the Sentencing Range Established be the Sentencing Commission**

A downward departure or variance from the guidelines as proposed by counsel in this memorandum would result in a sentence that is sufficient but not greater that what is necessary given the circumstances and personal history of Ms. Shepherd.  Imposition of a federal sentence that departs or varies downward to account for her personal characteristics, inexperience with prison time is what Ms. Shepherd requests.

5.    **Pertinent Policy Statements in the Sentencing Guidelines**

Counsel is unaware of any policy statements which have been issued by the Sentencing Commission which would be pertinent to the Court's sentencing decision in this matter.

6.    **Avoiding Unwarranted Disparities Among Similarly Situated Defendants**

No unwarranted sentencing disparity would occur by this Court imposing the type of sentence requested in this case. This case presents unique characteristics. They are the type and nature that the PSR's guideline calculation alone does not address.

7.    **Restitution**

Restitution is not an issue in this case.

## CONCLUSION

The nature and circumstances of Ms. Shepherd's offense, her personal history, characteristics, and her acceptance of responsibility call for a sentence of which departs or varies downward. In addition, a departure or variance is necessary to provide just punishment due to Ms. Shepherd's cooperation in this matter. Such a sentence would comport with the statutory objectives of the sentencing and recommendations contained within the PSR.

Respectfully submitted,

*s/ Eddie D. Valdez*
Eddie D. Valdez, OBA #12518
Eddie D. Valdez & Associates
513 SW "C" Avenue
Lawton, Oklahoma  73501
580-355-8000 Fax 580-355-8007
Counsel for Defendant
eddiedvaldez@icloud.com


*Certificate of Service*

I hereby certify that on the 23rd day of May 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.


s/ *Eddie D. Valdez*
Eddie D. Valdez